UNITED STATES DISTRICT COURT
DISTRICT COURT OF MARYLAND

**DEBORAH K. CHASANOW**                                      6500 Cherrywood Lane
UNITED STATES DISTRICT JUDGE                                  Greenbelt, MD  20770
                                                               (301) 344-0634

August 12, 2009


TO:   Counsel

RE:   Gail S. Feinman v. William L. Cunningham
      Civil Action No. DKC 08-3376

Dear Counsel:

    This informal letter order will resolve Plaintiff's objection to Magistrate Judge Schulze's order of June 23, 2009, denying Plaintiff's request to bring a witness with her to the defense medical examination.

    Under 28 U.S.C. § 636(1)(A), non-dispositive pretrial matters may be referred to a magistrate judge for hearing and determination.  A district judge may modify or set aside any portion of a magistrate judge's non-dispositive ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.;* see also Fed.R.Civ.P. 72(a). Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence.  Nor is it to substitute its own conclusions for that of the magistrate judge. *See Tri-Star Airlines, Inc. v. Willis Careen Corp.*, 75 F.Supp. 2d 835, 839 (W.D.Tenn. 1999). Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence. *Id.*  It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge. *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123 (D.Md. 2002).

    Prior to the conference, counsel had agreed that Plaintiff would be examined by Dr. Clifford Hinkes, and had reached agreement on all but one of Plaintiff's proposed conditions, that relating to the presence of another person of Plaintiff's choosing to accompany her during the examination.  Judge Schulze concluded, after listening to counsel, that there was no special circumstance that would overcome the normal procedure that no one else be present.

Plaintiff noted an objection to the order of Magistrate Judge Schulze denying Plaintiff's request to have a bystander in the examination room with her during a medical exam arranged by Defendant.  Now, Plaintiff also seems to object to any examination at all.  As noted before, at the telephone hearing before Magistrate Judge Schulze, Plaintiff agreed to the examination.

Plaintiff has not cited any case indicating that Judge Schulze's ruling was contrary to law.  Indeed, the case cited by Plaintiff, Gensbauer v. May Dept. Stores Co., 184 F.R.D. 552 (E.D. Pa. 1999), states that Fed.R.Civ.P. 35(a) is silent on the issue of the presence of anyone other than the party being examined.  The court even recognized that other judges in her district had found that parties do not have the right to have observers present.  Judge Brody eventually concluded, however, that in light of the newly amended state court rule permitting the practice, she would permit it in that case.

Other courts applying Rule 35 have placed the burden squarely on the party seeking to have a bystander present to justify the need in that particular case.  *See, e.g., Tarte v. United States*, 249 F.R.D. 856, 859 (S.D.Fla. 2008):

> Although some federal courts have permitted observers or recordings of Rule 35 examination, federal courts have found that the party seeking to have the observer present bears the burden of demonstrating "good cause" for the request under Rule 26(b), Fed.R.Civ.P., as the presence of a third party is not typically necessary or proper. *Schlunt v. Verizon Directories Sales-West, Inc*., 2006 WL 1643727, *4 (M.D.Fla. June 12, 2006) (citing *Wheat*, 125 F.R.D. at 480). Indeed, courts have held that the presence of a third party or recording device, which is analyzed in the same way that the presence of an observer is considered, "subvert[s] the purpose of Rule 35, which is to put both the plaintiff and defendant on an equal footing with regard to evaluating the plaintiff's [medical] status." *Favale*, 235 F.R.D. at 557 (citing *Duncan v. Upjohn Co*., 155 F.R.D. 23, 26-27 (D.Conn.1994)); *see also Abdulwali v. Washington Metro Area Transit Authority*, 193 F.R.D. 10, 13 (D.D.C.2000). Because Plaintiff was able to be examined by her physicians in the absence of Defense counsel, the theory

> urges, Plaintiff should not be permitted to record the Rule 35 examination unless she can show "special conditions are present which call for a protective order tailored to the specific problems presented." *Bethel v. Dixie Homecrafters, Inc.*, 192 F.R.D. 320, 324 (N.D.Ga.2000) (*quoting Tirado v. Erosa*, 158 F.R.D. 294, 299 (S.D.N.Y.1994)); *see also Ali v. Wang Labs., Inc.*, 162 F.R.D. 165, 168 (M.D.Fla.1995) (requiring demonstration of "special need"); *Abdulwali*, 193 F.R.D. at 13 (finding that "[i]n the instances in which the presence of a third party has been allowed, '[e]ach of these rulings has been grounded in the particular facts of the case.' ").
>
> In further support of this rule, courts have noted that Rule 35 and the adversary process provide other safeguards for plaintiffs who submit to Rule 35 examinations. Plaintiffs receive a Rule 35 examination report and then have the opportunity to depose the physician, cross-examine him or her, and introduce contrary expert evidence. *See Barrett v. Great Hawaiian Cruises, Inc.*, 1997 WL 862762 (D.Ha.1997). Additionally, should the physicians improperly inquire, plaintiffs have the opportunity to seek to exclude such questioning from trial. *See Cline v. Firestone Tire & Rubber Co.*, 118 F.R.D. 588 (S.D.W.Va.1988) (citing *Dziwanoski* ).

*See also, McKitis v. Defazio*, 187 F.R.D. 225, 228 (D.Md. 1999)("absent a compelling determination of need-which is not present in this case-a party's counsel should not be permitted to attend a Rule 35 examination. If plaintiff's counsel were permitted to attend, fairness would require the presence of defense counsel as well. It is difficult to imagine a more disruptive result than to convert what is intended to be a medical examination into an adversary proceeding attended by counsel, as other courts which have considered this issue have found.")

Plaintiff now suggests that her age, substantial medical treatment, and the gender of the doctor justify granting her request in this case.  Only the final circumstance was mentioned during the telephone conference with Judge Schulze, and Judge Schulze properly found it insufficient.  The court assumes that the examination will be conducted in a thoroughly professional manner.

3

  Accordingly, Plaintiff's objection to the ruling is OVERRULED. Counsel are directed to arrange a mutually convenient date and time for the examination.  Judge Schulze should be consulted on any scheduling order adjustments that might be necessary.

  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

        Very truly yours,

        /s/

        DEBORAH K. CHASANOW
        United States District Judge